Stevens Institute of Technology *v.* Sheridan.

---

THE STEVENS INSTITUTE OF TECHNOLOGY

*v.*

EDWARD SHERIDAN and others.

A mortgagee cannot avail himself of an assumption of a mortgage inserted in a deed of the premises by the mistake of a scrivener in copying the grantor's deed; neither of the parties to the deed intending or being aware of it.

Bell *v.* Romaine.

Bill to foreclose. This cause was submitted, without argument, on the pleadings (the bill and the answer of Michael Forestil) and proofs.

The Chancellor.

The only question which appears to be raised by the pleadings is, whether Michael Forestil is liable for deficiency on an assumption contained in the deed of conveyance to him, from his father, John Forestil, for the mortgaged premises. The latter bought the property from Sheridan, the mortgagor. The deed to him contains an assumption, by him, of the mortgage. The evidence is clear that the assumption in the deed to Michael Forestil was inserted without the knowledge of either the grantor or the grantee; that its appearance in the deed is due to the circumstance that the deed was copied, by a scrivener, from the deed from Sheridan to John Forestil. Both John and Michael Forestil swear that they never knew, until after this suit was brought, that there was a clause of assumption in either of the deeds; that there was no agreement or understanding between them that Michael should assume the payment of the mortgage; and that there was no intention that he should do so. The evidence would be sufficient, in a suit between Michael and his father for the reformation of the deed by striking out the agreement of assumption, to warrant such relief.

The prayer for a personal decree for deficiency against Michael Forestil will be denied, (*Bull* v. *Titsworth,* 2 *Stew.* 73,) but without costs.